UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALBERT BAGGET,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCED POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.   1:24-cv-00491-KES-EPG<br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION AND REMAND<br><br>(ECF No. 1) |

### I.  INTRODUCTION

Defendants Merced Police Department,[1] Officer B. Holder, Officer Laguna, and Sergeant Green removed this action from the Merced County Superior Court on April 24, 2024. (ECF No. 1). Plaintiff is proceeding *pro se* in this action.

After reviewing the notice of removal and the allegations in the complaint, the Court will order the parties to show cause why the case should not be remanded to state court for lack of jurisdiction.

### II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*

---

[1] The City of Merced states in the notice of removal that Plaintiff erroneously named the Merced Police Department as a defendant. The Court need not resolve this issue now.

1

*of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Under 28 U.S.C. § 1441, defendants may remove a state court action to federal court for a variety of reasons, including where Federal claims are at issue in the action. Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

And "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[I]ndeed, [the Ninth Circuit has] held that the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, a plaintiff is "the plaintiff the master of the claim" and the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

### III. ANALYSIS

Defendants' notice of removal explains the basis for removal and jurisdiction as follows:

> This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(a) and (c) in that it arises under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff has alleged claims for false arrest and unlawful seizure implicating the Fourth, Fifth and Fourteenth Amendment rights to be free from the alleged unjustified force, detention, seizure, and punishment as set forth in his

State Court Complaint.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same set of facts giving rise to Plaintiff's federal law claims and are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

(ECF No. 1, p. 2).

Plaintiff's complaint is contained on a California state court form. Under the cause of action section, he selects general negligence, premises liability, and "other."[2] Under the other category, Plaintiff lists a series of numbers that correspond to types of action contained on an instruction sheet: 19 (intellectual property); 25 (professional negligence); 13 (defamation); 08 (civil rights); 23 ( other personal injury/property damage/wrongful death); 26 (other real property); 41 (insurance coverage claims); 42 (other complaint); and 43 (other petition).

While Plaintiff checks a box indicating a host of different types of causes of action, the actual content on the face of the complaint appears much narrower. As for factual allegations, Plaintiff states, "Surveillance of officer body cam can be heard reminding the Officer B. Holder to get my wheelchair with all of my belongings on it, he said and I quote, I'll get it, end quote. Where's my belongings." In the relief section, he asks for his "personal belongings," including cash, electronics, and jewelry, which he describes as "lost." Further, he selects a box on the form regarding compliance with a claims statute and states, "Property law is 3 years from when someone knows property is gone or fraudulently used (Merced Police Depart. won't respond to letters wrote to them.)"

In short, the complaint indicates that Plaintiff's cause of action relates to the return of his personal property, which the Merced Police Department has in its possession. While Plaintiff has entered a code (08) for a civil rights cause of action,[3] there are no allegations that appear, as Defendants assert, to implicate "the Fourth, Fifth and Fourteenth Amendment rights to be free from the alleged unjustified force, detention, seizure, and punishment." Notably, other courts

---

[2] For readability, the Court has made minor alterations to quotations from the complaint, such as changing capitalization and correcting misspellings, without indicating each change.

[3] Perhaps Defendants will point out that, on the instruction sheet, Plaintiff underlines "civil rights" and "false arrest," with "false arrest" being listed underneath "civil rights" as an example of a civil rights case. Assuming this is *some* indication that Plaintiff desires to bring a civil rights cause of action, the face of the complaint still does not reasonably support such a claim.

have concluded that a complaint's unsupported reference to a cause of action is not sufficient to establish federal jurisdiction. *See 1430 Q St. Invs. LLC v. War*, No. 2:21-CV-01293-KJM-AC, 2021 WL 5240252, at *2 (E.D. Cal. Oct. 14, 2021) (remanding for lack of federal jurisdiction where, "[o]n the civil cover sheet, defendant cites a prolix list of statutes but nowhere in his petition does he provide a reasonable explanation of how all of those statutes support his claim."); *Holmes v. Kading Briggs, LLP*, No. CV 18-04435 DDP (JCx), 2021 WL 1893015, at *2 (C.D. Cal. May 11, 2021) ("Although Plaintiff's Complaint makes no reference to any federal law, the civil cover sheet does invoke 42 C.F.R. § 93.103. That regulation, however, simply defines "research misconduct" for purposes of policy statements pertaining to the Public Health Service, a part of the Department of Health and Human Services. Neither Plaintiff's Complaint nor his Opposition to the instant motion provide any explanation how that federal regulation is any way pertinent to Plaintiff's allegations about Defendant's discovery conduct in state court. Because there is no federal question at issue in this case, this court lacks subject matter jurisdiction.").

Accordingly, the Court will require the parties to show cause why this case should not be remanded to state court for lack of jurisdiction.

**IV.    ORDER**

For the reasons given above, IT IS ORDERED as follows:

1. By no later than May 26, 2023, the parties shall file a response to this order showing cause why this case should not be remanded to state court for lack of jurisdiction.[4]
2. A failure to respond to this order to show cause may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   **April 26, 2024**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[4] While Defendants ultimately have the burden of establishing the Court' jurisdiction, the Court would like to hear from Plaintiff regarding, what, if any, federal claims he is bringing.