UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALBERT BAGGETT,<br><br>Plaintiff,<br><br>v.<br><br>MERCED POLICE DEPT., et al.,<br><br>Defendants. | Case No. 1:24-cv-00491-KES-EPG<br><br>ORDER SUA SPONTE REMANDING ACTION TO THE MERCED COUNTY SUPERIOR COURT<br><br>Doc. 1 |

## I.  BACKGROUND

Defendants City of Merced,[1] Officer B. Holder, Officer Laguna, and Sargeant [*sic*] Green removed plaintiff Anthony Baggett's state court action from the Merced County Superior Court to this Court on April 24, 2024. Doc. 1. On April 29, 2024, the assigned magistrate judge issued an order to show cause ("OSC") requiring the parties to address why the case should not be remanded to state court for lack of subject matter jurisdiction. Doc. 4. On May 22, 2024, defendants' attorney of record filed a declaration stating that, based on the magistrate judge's analysis in the OSC, defendants did not object to remand. *Id.* at 2. Plaintiff did not file a response to the OSC; however, on July 2, 2024, plaintiff filed a case management statement. Doc. 10. Plaintiff's statement does not identify any basis in the complaint for federal subject matter jurisdiction; it refers to plaintiff's case as being brought under "Welfare & Inst. Codes,

---

[1] Defendant asserts that plaintiff erroneously named the Merced Police Department as a defendant. *See* Doc. 1.

Gov. Codes, and statutes and regulations." *Id.*

After reviewing the filings in this case, the Court, *sua sponte*, orders this action remanded to the Merced County Superior Court.

## II.     LEGAL STANDARD

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" requires that "the court resolve[] all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal question jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.3d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns. v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cal. ex. rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *see also Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears

in the plaintiff's statement of his [or her] own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Sacramento Metro. Air Quality Mgmt. Dist.*, 215 F.3d at 1014.

### III. ANALYSIS

Plaintiff's complaint alleges only state law causes of action. In drafting his complaint, plaintiff used a civil cover sheet in conjunction with the Judicial Council complaint form designated for personal injury, property damage, and wrongful death claims. Doc. 1 at 5–9. On the civil cover sheet, plaintiff underlined several causes of action and circled the related codes, including intellectual property (19); intentional and negligent infliction of emotional distress (23); civil rights and false arrest (8); defamation (13); professional negligence (25); other professional malpractice; other real property (26); insurance coverage claims (41); other civil complaint (42); and other civil petition (43). *Id.* at 8–9.

While plaintiff circled numerous codes, the complaint's factual allegations indicate that plaintiff seeks the return of his personal property from the Merced Police Department, as the magistrate judge noted in the OSC. Doc. 4 at 3. The complaint alleges that defendants are responsible for the loss of his personal belongings. Doc. 1 at 6–9. He seeks damages for the loss of "[a]ll of [his] personal belonging's (clothes, cash, electronics, Jewlery, [etc.])." *Id.* at 7. There are no allegations to reasonably support a federal cause of action. "Whether the complaint states a claim arising under federal law must be ascertained by the legal construction of the plaintiff's allegations, and not by the effect attributed to those allegations by the adverse party." *Timbisha Shoshone Tribe v. Kennedy*, 714 F. Supp. 2d 1064, 1071 (E.D. Cal. Apr. 27, 2010) (cleaned up and citation omitted).

For these reasons and those noted by the magistrate judge in the OSC, Doc. 4, the Court lacks subject matter jurisdiction over this action. Remand of this matter to the Merced County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c).

///

///

///

**IV.   CONCLUSION AND ORDER**

For the reasons set forth above, the Court ORDERS:

1. This action is REMANDED to the Merced County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.
2. The Clerk of Court shall mail a copy of this order to the clerk of the Merced County Superior Court.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 4, 2024

_____
UNITED STATES DISTRICT JUDGE